[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 48, seeks to dissolve the marriage to the defendant wife, 46, which took place on May 26, 1979 at Waterbury, Connecticut. The plaintiff has resided continuously in this state for more than one year prior to starting this action thereby conferring jurisdiction in the court. Two children were born to the defendant, both issue of the marriage:
Gregory M., born October 23, 1982 and
Jeffrey P., born May 5, 1984.
The plaintiff has been employed by Budwitz Meyerjacks, CPA's for over 20 years as a salaried accountant. He is not a C.P.A. The defendant was employed as an L.P.N. at the time of the marriage. The parties purchased a home in March, 1980 for $59,000 with each contributing approximately half of the cash and giving a mortgage for $39,900. During the marriage the defendant was able CT Page 4530 to earn her R.N. license.
The court finds that the evidence revealed little concerning the causes of the breakdown but the marriage had irretrievably broken down by March, 1991 when the plaintiff moved from the marital home to a rented condo unit.
Presently, the plaintiff has net disposable income of $614 from which he is obligated to pay $85 weekly child support for one minor child born to his former wife.[1], which must be considered in calculating the support of the the (2) children of this marriage. The defendant's stated earnings on her affidavit are understated, due to over withholding by $35 which, when added to her statement of $360.74 provides a total net disposable income of $396. The parties' total combined net disposable income is $1,010, allocated 60.8% to the plaintiff and 39.2% to the defendant. The total child support for three (3) children from the guidelines, recognizing one is over 12 and two are not, is $446 of which $271 is allocated to the plaintiff from which is deducted $85 ordered paid for the oldest, leaving $186 payable to the defendant as child support weekly from the plaintiff for the two (2) children of this marriage.
A judgment was entered on March 24, 1993 on the amended complaint dissolving the marriage on the ground alleged and, as part of same, the following orders are entered.
1. Joint legal custody of the two (2) minors is awarded with primary physical residence with the defendant and the plaintiff given reasonable visitation.
2. The plaintiff is ordered to pay to the defendant the sum of $186 weekly for the support of the two (2) children. A wage withholding order is entered per statute.
3. The defendant shall maintain the medical insurance made available to her by her employer for the two (2) minors and the plaintiff shall contribute $10 weekly as additional child support payable to plaintiff to defray this extra expense. Any uninsured bill balances incurred for for the care of the health of either child shall be equally shared by the parties. If it is more advantageous for the parties to have the minors also carried on the plaintiff's group medical insurance, then in lieu of the $10 weekly payment, the plaintiff may elect to also insure the children, at the additional cost of $8 weekly as testified to by CT Page 4531 the plaintiff.
4. The plaintiff's interest in the real estate known as 154 Williamson Drive, Waterbury is awarded to the defendant. If the plaintiff fails to deliver a deed prepared at his expense in 30 days, then the transfer is ordered effected by statute. The defendant shall assume the mortgage balance to be paid by her according to its tenor.
The defendant shall execute and deliver a mortgage note payable to the plaintiff in the principal sum of $28,000, without interest, containing the usual terms, secured by a mortgage on said real estate, payable upon any of the following events:
a. The defendant's remarriage;
b. The defendant's death;
c. The transfer of title upon sale or other conveyance;
 d. The defendant's cohabitation but without need to prove that altered financial needs of the defendant have resulted from such living arrangement;
 e. The defendant no longer occupies the property as her principal residence; or
f. May 1, 2002 if not sooner paid.
The collection of the mortgage note shall not include civil contempt proceedings, the plaintiff being left to all other legal remedies.
5. The parties shall each maintain their respective life insurance policies, naming the children as equal primary beneficiaries until the younger attains 18 years of age.
6. The plaintiff is ordered to pay $1.00 per year periodic alimony to the defendant until her death, her remarriage or December 31, 1999.
7. The contents of the marital home are awarded to the defendant.
8. Each party shall pay their respective obligations CT Page 4532 incurred by each to litigate this lawsuit.
The attorney for the plaintiff is directed to prepare the judgment file and the mortgage documents.
HARRIGAN, J.